IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
OCT 2 6 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

NATHANIEL A. McNEIL, JR.,

    Plaintiff,

v.                                                                              Civil Action No. **3:14CV425**

MAJOR BACK, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Nathaniel A. McNeil, Jr., a federal inmate proceeding *pro se* filed this 42 U.S.C. § 1983[1] action. Under Federal Rule of Civil Procedure 4(m),[2] McNeil had 120 days to serve the defendants. Here, that period commenced on May 18, 2015. More than 120 days elapsed and McNeil had not served the defendants. Accordingly, by Memorandum Order entered on September 23, 2015, the Court directed McNeil to show good cause for his failure to serve the defendants. McNeil has responded and seeks an extension. For the following reasons, McNeil's

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Motion for Extension of Time (ECF No. 18) will be DENIED and the action will DISMISSED WITHOUT PREJUDICE.

District courts within the Fourth Circuit have found good cause to extend the 120-day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). This leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Solutions*, No. 3:10-CV-210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1-2 (E.D. Va. Jan. 24, 2012) (citations omitted).

McNeil responds that his failure to serve Defendants in a timely manner should be excused because there have been a number of "shake-downs" at his institution and is missing

some of his legal papers. (ECF No. 18, at 1.) This response fails to explain McNeil's complete failure to make any effort to serve the defendants in the 120 days following the entry of the May 18, 2015 Memorandum Order. McNeil fails to demonstrate that he made any effort to serve the defendants, much less, a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). McNeil's Motion for an Extension of Time (ECF No. 18) will be DENIED. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 10/23/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge